UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 04-CV-5528 (JFB)

———————

JAMEL WITHERSPOON,

Petitioner,

VERSUS

ROBERT K. WOODS,
Superintendent,
Upstate Correctional Facility

Respondent.

———————

MEMORANDUM AND ORDER
March 6, 2006

———————

JOSEPH F. BIANCO, District Judge:

Petitioner Jamel Witherspoon petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his conviction following trial of one count of attempted robbery in the third degree and one count of criminal possession of a weapon in the fourth degree. Petitioner alleges that the State violated his constitutional rights to a jury trial and due process when it sentenced him as a discretionary persistent felony offender based on facts not submitted and found beyond a reasonable doubt by a jury. For the following reasons, the petition is denied.

I. BACKGROUND

A. The Underlying Facts

The following facts, adduced from the instant petition and underlying record, are not in dispute for purposes of this petition.

On December 27, 1999, at approximately 11:30 p.m., on the corner of Belmont Avenue and Bradford Street in Brooklyn, James Griffin called 911 to report that his car had been stolen. (Aff. in Opp. to Pet. for a Writ of Habeas Corpus ¶ 4 (hereinafter "Resp. Aff.")). As Griffin waited for the police to arrive, two men, later identified as Witherspoon and Cecil Middleton, passed by him in a car, then got out of the car and walked toward him. (*Id.*; Pet. for a Writ of Habeas Corpus at 4

(hereinafter "Pet.")). Middleton, petitioner's co-defendant, then pointed a gun at Griffin and said "run your [expletive]," which Griffin understood as a demand for his leather jacket. (Pet. at 4). Griffin ran and Witherspoon and Middleton chased him. (*Id.*). Three detectives on patrol in an unmarked police vehicle saw Witherspoon and Middleton chasing Griffin. (Resp. Aff. ¶ 5). The detectives pursued and eventually apprehended them. (*Id.*).

B. Pre-trial and Trial Procedures

Witherspoon and Middleton were both charged in Kings County with two counts of attempted robbery in the second degree in violation of New York Penal Law §§ 110.00, 160.10[1], [2][B], one count of attempted robbery in the third degree, in violation of New York Penal Law §§ 110.00, 160.05, attempted grand larceny in the fourth degree, in violation of New York Penal Law §§ 110.00, 155.30[5], and criminal possession of a weapon in the fourth degree, in violation of New York Penal Law § 265.01[1]. (Resp. Aff. ¶ 6).

Witherspoon was tried before a jury and found guilty of one count of attempted robbery in the third degree, a Class E felony, and one count of criminal possession of a weapon in the fourth degree, a Class A misdemeanor. (*Id.* ¶ 7).

C. Sentencing

Witherspoon was sentenced on January 3, 2001. (Sent. Tr.[1] at 1). At sentencing, the People requested that the trial court sentence Witherspoon as a persistent felony offender pursuant to New York Penal Law § 70.10. New York Penal Law § 70.10(1)(a) defines a persistent violent felony offender as a "[p]erson who stands convicted of a felony after having previously been convicted of two or more felonies." Under the statute, such a person may receive an enhanced sentence if the sentencing court "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." *Id.* § 70.10(2). Witherspoon faced a sentencing range under the persistent felony offender calculus of fifteen years to life in jail.

In support of the People's request, the Assistant District Attorney submitted certificates of disposition for Witherspoon's three prior felony convictions, as well as additional evidence confirming his prior convictions and sentences. (Sent. Tr. at 5 - 14). The Assistant District Attorney argued to the court that it should impose the sentence under the persistent felony offender range given

> [T]his defendant's history and in light of the fact that he has used numerous aliases, the defendant is now twenty-five or twenty-six years old, and in light of the fact that he is very young, he has three felony convictions . . . . And it [is] interesting to know each time the defendant has been incarcerated and paroled he almost always goes out and commits further crimes . . . . This defendant commits crimes, violent crimes and he's been convicted of violent felony offenses, your Honor, and it is the People's contention that any term of imprisonment less than the fifteen to

---

[1] References to "Sent. Tr." are to the transcript of Witherspoon's sentencing, attached as Exhibit I to Witherspoon's petition.

2

life would be doing a severe injustice to the citizens of this county . . . .

(*Id.* at 18-19).

Witherspoon did not contest the validity of the prior felony convictions and stipulated that "the defendant is eligible to be deemed a persistent felon at the court's discretion." (*Id.* at 5; *see also id.* at 4, 20-24). Witherspoon's attorney argued, however, that the trial court should exercise its discretion and not sentence Witherspoon as a persistent felony offender because his prior convictions did not involve violence or weapons and asked that Witherspoon "not be deemed classified as someone convicted of murder." (*Id.* at 22). In addition, Witherspoon's attorney submitted letters from the community and Witherspoon's family in support of a lesser sentence. (*Id.* at 23). Witherspoon's attorney also argued that Witherspoon should not be sentenced as a persistent felon because his co-defendant, Middleton, held the gun and pointed it at the victim and was sentenced after a guilty plea to five years' probation. (*Id.* at 24). Witherspoon did not make a statement at his sentencing.

The trial court found Witherspoon to be a persistent felony offender. (*Id.* at 28). Witherspoon was sentenced to a term of incarceration of fifteen years to life. (*Id.* at 29).

### D. State Appeals and Post Judgment Motions

Witherspoon appealed his conviction to the Appellate Division, Second Department. He raised the following claims: (1) the evidence was legally insufficient to establish guilt; (2) the jury's verdict was against the weight of the evidence; and (3) the sentence as a persistent felony offender was improper because the trial court failed to place on the record its reasons for sentencing him as a persistent felony offender. On December 23, 2002, the Appellate Division affirmed the conviction, finding Witherspoon's appeal based on legally insufficient evidence to be unpreserved for review, but nevertheless concluding that there was sufficient evidence on the record to support a guilty verdict and that the guilty verdict was not against the weight of the evidence. *See People v. Witherspoon*, 300 A.D.2d 605 (2d Dep't 2002). The Appellate Division held that Witherspoon's appeal based on his sentence as a persistent felon was unpreserved for review, and "in any event, is without merit." *Id.* On March 7, 2003, the New York Court of Appeals denied Witherspoon permission to appeal further. *See People v. Witherspoon*, 99 N.Y.2d 634 (2003).

On March 4, 2004, Witherspoon moved *pro se* pursuant to C.P.L. § 440 for an order vacating his sentence based on substantially the same issues raised on appeal. On May 24, 2004, counsel for Witherspoon withdrew this *pro se* motion in anticipation of filing a separate § 440 motion.

On May 4, 2004, counsel for Witherspoon moved pursuant to C.P.L. § 440.20 for an order vacating his sentence as a persistent felony offender, and resentencing him as a second felony offender. (*See* Not. of Mot. Pursuant to C.P.L. § 440.20). In his moving papers, Witherspoon argued that Witherspoon's sentence violated *Ring v. Arizona*, 536 U.S. 584 (2002); and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On October 27, 2004, Supreme Court Justice Abraham Gerges denied Witherspoon's petition, holding that the New York Court of Appeals decision in *People v. Rosen*, 96 N.Y.2d 329 (2001), which held that the discretionary persistent felony statute does not

violate *Apprendi*, was binding, and thus Witherspoon's sentence was lawful. On November 30, 2004, the Appellate Division, Second Department, denied Witherspoon's application to appeal Justice Gerges's decision. (*See* Pet. Ex. H).

### E. The Instant Action

Petitioner filed the instant petition on December 17, 2004, arguing that his sentencing as a persistent felony offender was unconstitutional and violated *Blakely v. Washington*, 542 U.S. 296 (2004), *Ring v. Arizona*, 536 U.S. 584 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The case was assigned to the Honorable Raymond J. Dearie, and by letter dated April 5, 2005, the Respondent requested that Judge Dearie hold Witherspoon's petition in abeyance pending the Second Circuit's decision in three consolidated cases addressing the constitutionality of New York's persistent felony offender statute. The request was granted, and on June 3, 2005, the Second Circuit decision in *Brown v. Greiner*, 409 F.3d 523 (2005), was decided. On June 20, 2005, the Respondent filed his opposition papers, and on August 17, 2005, Petitioner filed his traverse. On February 7, 2006, this case was reassigned to this Court. Oral argument was held on March 2, 2006.

## II. DISCUSSION

### A. The Standard of Review

To determine whether a petitioner is entitled to a grant of a writ of habeas corpus, a federal court must apply the standards of review provided in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No 104-132, 110 Stat. 1214, which provides, in relevant part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2554. "Clearly established Federal law" is comprised of "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams,* 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.*

4

AEDPA establishes a deferential standard of review– "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). The Second Circuit added that while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Gilchrist*, 260 F.3d at 93 (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

B. New York's Persistent Felony Offender Statute

The Supreme Court's decision in *Apprendi* established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Ring v. Arizona*, the Supreme Court held that Arizona's capital sentencing scheme was unconstitutional because it allowed a sentencing judge to determine the presence of aggravating circumstances necessary for imposition of the death penalty. 536 U.S. at 596. The Court found that such a determination by the sentencing judge violates the Constitution because defendants "are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." *Ring*, 536 U.S. at 589.

Petitioner argues that New York's persistent felony statute violates *Apprendi* and *Ring* because it requires the sentencing judge to make factual findings that increase the sentence beyond the maximum otherwise provided by law.[2] The language in the statute authorizes an enhanced sentence if: (1) a felony offender has two predicate felony convictions; and (2) the sentencing court "is of the opinion that the history and character of the defendant and the nature and

---

[2] Petitioner initially argued that New York's persistent felony statute also violated *Blakely v. Washington*, 542 U.S. 296 (2004). (*See* Pet. at 18-30). In his reply papers, however, he concedes that because *Blakely* was decided after his conviction became final, its holding does not constitute "clearly established federal law" under habeas review, and cannot be the basis for habeas relief. (Reply Pet. at 1 n.1). *See Brown*, 409 F.3d at 533-34. The Court agrees with petitioner. Although there has been inconsistent guidance from the Supreme Court as to the precise time at which a federal court should look when assessing what was "clearly established federal law," *see Brown,* 409 F.3d at 533 n.3, *Blakely* would not apply to petitioner's claim in the instant case under either of the Supreme Court's formulations. At oral argument, however, counsel for petitioner argued that this Court could consider *Blakely* to the extent it elucidated *Apprendi* and *Ring*. The Court notes this is precisely what the Second Circuit cautioned against doing in *Brown*. *See Brown*, 409 F.3d at 533-34 ("Accordingly, our appraisal of the reasonableness of the state court interpretations of *Apprendi* may not be influenced by the Supreme Court's subsequent elucidation in such cases as *Blakely v. Washington* and *United States v. Booker.*" (citations omitted)). In any event, this issue is of no consequence because nothing about the holding in *Blakely* would impact this Court's analysis of the instant petition. *See, e.g., Alston v. Woods*, No. 04 Civ.8017 (WHP) (GWG), 2005 WL 3312818 (S.D.N.Y. Dec. 8, 2005) (report and recommendation) (not yet adopted) (post-*Apprendi* case law, including *Ring* and *Blakely,* would not undermine the Second Circuit's holding in *Brown*).

5

circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest." N.Y. Penal Law § 70.10(2).

The New York Court of Appeals has explained sentencing under the persistent felony offender statute as a two-step process:

> Under New York law, to be sentenced as a persistent felony offender, the court must first conclude that defendant had previously been convicted of two or more felonies for which a sentence of over one year was imposed. Only after it has been established that defendant is a twice prior convicted felon may the sentencing court, based on the preponderance of the evidence, review "[m]atters pertaining to the defendant's history and character and the nature and circumstances of his criminal conduct . . . established by any relevant evidence, not legally privileged" to determine whether actually to issue an enhanced sentence . . . . It is clear from the foregoing statutory framework that the prior felony convictions are the sole determinate of whether a defendant is subject to enhanced sentencing as a persistent felony offender.

*Rosen*, 96 N.Y.2d at 334-35.

The Second Circuit recently addressed whether New York's persistent felony offender statute violates *Apprendi* and the cases that preceded it. *See Brown v. Greiner*, 409 F.3d 523 (2d Cir. 2005). The Second Circuit held that "the state courts did not unreasonably apply *Apprendi* and the cases that preceded it" in determining that the persistent felony offender statute was constitutional. *Id.* at 534. Specifically, the *Brown* Court held that it was "not unreasonable, in light of then-existing Supreme Court precedent, for the state courts to conclude that a sentencing judge's 'opinion' as to what type of sentence would 'best serve the public interest' is not a factual finding within the meaning of *Apprendi*." *Id.* at 526.

The Second Circuit explained that the New York Court of Appeals' interpretation of the persistent felony offender statute did not apply "*Apprendi* unreasonably in distinguishing this judicial finding from the type of fact-finding at issue in *Apprendi*." *Id.* at 534. It was not unreasonable for *Rosen* to distinguish the "vague, amorphous assessment of whether, in the court's 'opinion,' 'extended incarceration and life-time supervision' of the defendant 'will best serve the public interest'" from the "essential [statutory] element, or functional equivalents thereof" encompassed by *Apprendi*. *Id.* (quoting N.Y. Penal Law § 70.10(2)); *see People v. Rosen*, 96 N.Y.2d at 335 ("[T]he sentencing court is thus only fulfilling its traditional role - giving due consideration to agreed-upon factors - in determining an appropriate sentence within the permissible statutory range.").

The Second Circuit's holding in *Brown* requires that this Court deny Witherspoon's petition to the extent it seeks habeas relief under *Apprendi*. *See Brown*, 409 F.3d at 534-35; *see also Brown v. Miller*, No. 04 Civ. 9804 (LBS), 2005 WL 2173761, at *1 (S.D.N.Y. Sept. 7, 2005) (habeas claim that New York's persistent felony offender statute violates *Apprendi* denied based on the Second Circuit's holding in *Brown*); *McPherson v. Greiner*, No. 02 Civ. 2726 (DLC), 2005 WL 2024737, at *11-12 (S.D.N.Y. Aug. 23, 2005) (same); *Hernandez v. Conway*, No. 03 Civ. 5353 (SHS), 2005 WL 1606062, at *1

(S.D.N.Y. July 7, 2005) (same); *Alston v. Woods*, 2005 WL 3312818 (same).

The remaining question, and one that was not addressed in *Brown*, is whether the state court's sentencing of petitioner pursuant to New York's persistent felony offender statute was contrary to, or an unreasonable application of, *Ring v. Arizona*, 536 U.S. 584 (2002). The Court concludes that it was not. *See also Brown v. Miller*, 2005 WL 2173761, at *1 (Judge Sand holding that petitioner's sentencing under New York's persistent felony offender statute was not an unreasonable application of *Ring*); *Alston v. Woods*, 2005 WL 3312818 (same).

In June 2005, after the Second Circuit decided *Brown*, the New York Court of Appeals re-affirmed *Rosen*'s holding that a defendant's "prior felony convictions are the *sole determinant* of whether a defendant is subject to recidivist sentencing as a persistent felony offender." *People v. Rivera*, 5 N.Y.3d 61, 66 (citing *Rosen*, 96 N.Y.2d at 335), *cert denied*, 126 S. Ct. 564 (2005). The Court of Appeals in *Rivera* explained that under the statute, "predicate felonies are both necessary and sufficient conditions for imposition of the authorized sentence" for repeat felons. *Id.* at 68; *see also Rosen*, 96 N.Y.2d at 335. According to the Court of Appeals, requiring the sentencing judge to consider "specified factors and explain why that consideration led the court to impose a recidivist sentence allows a more complete review by the Appellate Division," but is not a necessary prong in imposing a higher sentence. *Id.* at 70. In *Rivera*, the New York Court of Appeals held that "none of the United States Supreme Court's cases after *Apprendi* cast doubt on the continuing vitality of *Rosen*."[3]

*Id.*; *see also Alston*, 2005 WL 3312818, at *4-5 ("The post-*Apprendi* cases are of no help to [petitioner] because they break no new ground on what constitutes judicial fact-finding.").

Thus, it continues to be the case under New York law, as it was at the time of the Second Circuit decision in *Brown*, that the only finding required by the sentencing judge under New York's persistent felony offender statute before imposing a recidivist sentence is whether the defendant has two or more prior felonies.[4] Such a finding does not

---

[3] Petitioner contends in his brief and argued at oral argument that *Rivera* should not be considered by this Court because it was decided after his conviction became final. Petitioner is confusing the restrictions on the granting of *habeas corpus* petitions – which is limited to state court violations of "clearly established federal law" – with this Court's responsibility in *habeas* cases to defer to a state court's interpretation of a statute. *See Bradshaw v. Richey*, 126 S. Ct. 602, 604 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Davis v. Strack*, 270 F.3d 111, 123 (2d Cir. 2001). Petitioner argues in the alternative that *Rivera* is entitled to no deference because it is a "subterfuge" for avoiding application of *Apprendi*. *(See* Reply Pet. at 14). *Rivera* simply re-affirmed the holding of *Rosen*, to which the Second Circuit has already given deference. Therefore, the Court finds no merit to either of these arguments.

[4] The significance of the New York Court of Appeals' interpretation of the persistent felony offender statute is exemplified by a recent Ninth Circuit case examining a Hawaiian statute with "nearly identical" language as New York's statute. *See Kaua v. Frank*, 436 F.3d 1057, 1061 (9th Cir. 2006). In contrast to the New York Court of Appeals, the Hawaii Supreme Court "repeatedly" required a two-step sentencing process, and "the Hawaii Supreme Court stated that both steps of the process 'must be followed' when the prosecution seeks an extended sentence." *Id.* at 1060-61 (quoting *State v. Okumura*, 894 P.2d 80, 109

violate *Apprendi* because *Apprendi*, refusing to re-visit *Almendaez-Torres v. United States*, 523 U.S. 224 (1998), specifically excepted prior convictions from its holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

Moreover, *Ring* did not alter this principle. In *Ring*, the Supreme Court held that Arizona's capital sentencing scheme was unconstitutional because it allowed the trial judge, without any adjudication by a jury, to determine the existence or absence of the aggravating factors required for the imposition of the death penalty under Arizona law. In reaching this decision, however, the *Ring* Court explicitly noted that the petitioner was not challenging the holding of *Almandaez-Torres v. United States* "which held that the fact of prior conviction may be found by the judge even if it increases the statutory maximum." *Ring,* 536 U.S. 597 n.4. Hence, because "prior felony convictions are the *sole determinant* of whether a defendant receives an increased sentence as a persistent felony offender" under New York law,

---

(1995)). Given this interpretation, the Ninth Circuit held that the Hawaiian statute violated *Apprendi*. *Id*. at 1060-61 n.25 ("The Hawaii Supreme Court's interpretation . . . arguably distinguishes that statute from New York's persistent felony offender statute . . . ."). Rather than raise doubts as to the continued viability of the New York statute, as petitioner's counsel urged at oral argument, the *Kaua* case does nothing more than distinguish the two statutes based on their disparate treatment by their respective highest courts. *Id.* at 1061 n.25. *See also Johnson v. Fankell*, 520 U.S. 911, 916 (1997) ("Neither [the Supreme Court] nor any other federal tribunal has any authority to place construction on a state statute different from the one rendered by the highest court of the state.").

*Rivera*, 5 N.Y.3d at 66, and the use of such prior felony convictions was not addressed by *Ring*, this Court cannot say that the state court's application of *Ring* was contrary to, or an unreasonable application of, clearly established federal law.[5]

Finally, nothing in *Ring*'s holding or the *Brown* decision suggests that the Second Circuit's reasoning in *Brown* would be different were it to evaluate New York's persistent felony offender statute under *Ring*. *See Brown v. Miller*, 2005 WL 2173761, at *1. Indeed, the basis for the Second Circuit's holding in *Brown* – that it was not unreasonable for the New York Court of Appeals to conclude that the second determination under New York's persistent felony offender statute is "something quite different from the fact-finding addressed in *Apprendi* and its predecessors" – would apply with equal force when examined under *Ring*. *See Rivera*, 5 N.Y.3d at 67-68.

---

[5] Petitioner also argues that, even if the persistent felony offender enhancement can be imposed based solely on prior convictions, it was unconstitutional as applied to him because the sentencing court based his sentence on additional facts found by the court without a jury. (Reply Pet. at 16-22). This position is contrary to the position taken by petitioner on direct appeal, where he argued that "the court improperly sentenced [Witherspoon] as a persistent felony offender when it failed to make the statutorily required fact-findings warranting such treatment." (Br. for Def.-App. p. 10). In any event, the argument is without merit. Even if the sentencing court considered additional facts in support of the application of the persistent felony offender statute beyond the prior convictions, the court did not violate *Apprendi* or *Ring* because New York law is clear that no additional facts were necessary to apply the enhancement.

8

Therefore, because the state court's application of New York's persistent felony offender statute to the petitioner was not contrary to, and did not involve an unreasonable application of, *Apprendi* or *Ring,* the petition must be denied.

V. CONCLUSION

Petitioner has demonstrated no basis for relief under 28 U.S.C. § 2254. Accordingly, the instant habeas petition is DENIED.

The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 6, 2006
Brooklyn, NY

\* \* \*

The attorneys for the petitioner are Lynn W.L. Fahey, Esq., and Paul Skip Laisure, Esq. of the Appellate Advocates, 2 Rector Street, 10th Floor, New York, New York 10006. The attorneys for the respondent are Leonard Joblove, Esq., and Ann Bordley, Esq., Assistant District Attorneys, Charles J. Hynes, Esq., District Attorney Kings County, 350 Jay Street, Brooklyn, New York 11201.